JS-6

**PRIORITY SEND**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No. EDCV 15-001004-VAP (SPx) Date: July 17, 2015

Title: THEE SOMBRERO, INC., ETC., ET AL. -*v*- JAMES MURPHY, ETC., ET AL.

===============================================================

PRESENT: HONORABLE VIRGINIA A. PHILLIPS, U.S. DISTRICT JUDGE

Marva Dillard
Courtroom Deputy

None Present
Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:

None

ATTORNEYS PRESENT FOR DEFENDANTS:

None

PROCEEDINGS: MINUTE ORDER GRANTING MOTION TO REMAND CASE (DOC. NO. 18) (IN CHAMBERS)

Plaintiffs Thee Sombrero, Inc. and Henry Aguila, President of Thee Sombrero (collectively, "Thee Sombrero"), filed a Complaint in the San Bernardino Superior Court on February 20, 2015, alleging breach of contract claims against Defendants James Murphy and Scottsdale Insurance Company. (See Doc. No. 1, Exh. A ("Complaint").) Shortly after, Defendant Scottsdale removed the case to this Court on the basis of diversity jurisdiction. (See Doc. No. 1 ("Notice of Removal") ¶ 3.)

In its Notice of Removal, Scottsdale alleges that it and Thee Sombrero are diverse, but it does not allege Defendant Murphy's citizenship. (See id. ¶¶ 4-5.) Scottsdale has not, therefore, alleged complete diversity of citizenship exists. Instead, Scottsdale asserts that the Court should disregard Murphy's citizenship "under the doctrine of fraudulent misjoinder." (Id. ¶ 5.)

On June 11, 2015, Thee Sombrero filed the instant Motion to Remand. (Doc. No. 18 ("Motion").) Scottsdale filed an opposition. (See Doc. No. 20. ("Opposition").)[1] The Court finds the Motion appropriate for resolution without a hearing, and accordingly, VACATES the July 20, 2015 hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After considering the papers filed in support of, and in opposition to, the Motion, the Court GRANTS the Motion.

## I. BACKGROUND

### A. Other Pending Motions

A few days before Thee Sombrero filed the Motion to Remand, Scottsdale filed a Motion to Dismiss for Failure to State a Claim and a Motion to Strike Portions of Complaint. (Doc. Nos. 12-13). All three motions were set for hearing on the same day.

Motions to remand take precedence over other pending motions because they deal with a court's jurisdiction. See Kromer v. McNabb, 308 F.2d 863, 865 (10th Cir. 1962). If a court grants the motion to remand, it leaves the disposition of the pending motions to the state court. See Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case."); Wages v. I.R.S., 915 F.2d 1230, 1234 (9th Cir. 1990) ("[W]e have held that a judge ordering a dismissal based upon lack of subject matter jurisdiction retains no power to make judgments relating to the merits of the case.").

As the Court determines it lacks subject-matter jurisdiction, it takes no actions on the pending Motion to Dismiss (Doc. No. 12) and Motion to Strike (Doc. No. 13), leaving their disposition to the state court.

### B. Request for Judicial Notice

Along with its Opposition, Scottsdale filed a request for judicial notice of the following documents:

[1]Thee Sombrero did not reply.

(1) the complaint filed in Thee Sombrero Inc. v. Manuel Calderon dba Solutions2Security, No. CIVSS801381 (Cal. Sup. Ct. Feb. 4, 2008) ("the Calderon action");
(2) the request for default judgment filed in the Calderon action on May 24, 2012;
(3) the declaration of Henry Aguila in support of the request for default judgment filed in the Calderon action on May 24, 2012;
(4) the complaint filed in The Burlington Ins. Co. v. Thee Sombrero, Inc., No. 12-cv-01500-VAP-SP (C.D. Cal. Sep. 4 2012) ("the Burlington action");
(5) the order granting plaintiff's motion for default judgment filed in the Burlington action; and
(6) the judgment in the Burlington action, dated June 25, 2013.

(See Doc. No. 22). A court may take judicial notice of court filings. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (citing Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998)). These documents, however, are not relevant to the disposition of the instant Motion. Accordingly, the Court DENIES Scottsdale's request for judicial notice as MOOT.

## II. LEGAL STANDARD

Except as otherwise provided by Congress, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is

pending." 28 U.S.C. § 1441(a). Here, Scottsdale invokes the Court's original jurisdiction on the basis of diversity of citizenship: "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different states . . . ." 28 U.S.C. § 1332(a).

"[A] defendant seeking to remove an action may not offer mere legal conclusions; it must allege the underlying facts supporting each of the requirements for removal jurisdiction." Leite v. Crane Co., 749 F.3d 1117, 1122 (9th Cir. 2014) (citing Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992)). "[A] plaintiff's motion to remand may raise either a facial attack or a factual attack on the defendant's jurisdictional allegations . . . ." Id. Under a facial attack, the district court accepts the defendant's allegations supporting removal as true, and "determines whether the allegations are sufficient as a legal matter to invoke the court's jurisdiction." Id. at 1121 (citing Pride v. Correa, 719 F.3d 1130, 1133 (9th Cir. 2013)).

"Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus, 980 F.2d at 566 (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

## III. DISCUSSION

Although Thee Sombrero failed to meet and confer with opposing counsel as required by this District's Local Rules, the Court finds little – if any – prejudice to Scottsdale due to that failure. It therefore considers the Motion. After doing so, the Court GRANTS the Motion because it declines to adopt the doctrine of fraudulent misjoinder, and Scottsdale has not otherwise met its burden for removal.

### A. Thee Sombrero's Failure to Follow Local Rule 7-3

Local Rule 7-3 requires "counsel contemplating the filing of any motion [to] first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution."[2] The conference must

[2]Local Rule 7-3 has a number of exceptions; none of those apply to the instant (continued...)

take place at least seven days before filing the motion. L.R. 7-3. If the parties are not able to reach a resolution, "the moving party [must] include in the notice of motion a statement to" that effect. Id.

Thee Sombrero did not comply with this requirement. It does not state anywhere in its Motion that it complied or attempted to comply, and Scottsdale confirms that it did not. (Opposition at 5-7.)

Courts can, in their discretion, refuse to consider a motion for failing to comply with Local Rule 7-3. Reed v. Sandstone Prop., L.P., 2013 WL 1344912, at *6 (C.D. Cal. Apr. 2, 2013). Generally, courts exercise this discretion when the failure to meet and confer prejudiced opposing counsel. See id. If there is little or no prejudice, courts will sometimes consider the motion despite the failure to meet and confer. See id.

Defendants generally suffer little prejudice from the failure to meet and confer on a motion to remand, where they necessarily researched and investigated the issues before removal. Scottsdale, furthermore, was able to prepare and submit an opposition. It, therefore, suffers little – if any – prejudice from Thee Sombrero's failure to meet and confer in connection with the Motion to Remand. See Wilson-Condon v. Allstate Indem. Co., 2011 WL 3439272, at *1 (C.D. Cal. Aug. 4, 2011) (considering motion to remand despite failure to meet and confer because of lack of prejudice). The Court therefore considers the Motion despite Thee Sombrero's failure to comply with Local Rule 7-3.

**B. The Court Declines to Adopt the Doctrine of Fraudulent Misjoinder**

Scottsdale rests its basis for removal squarely on the doctrine of "fraudulent misjoinder" – not the distinct doctrine of "fraudulent joinder." (See Opposition at 2 ("Scottsdale is not asserting that there has been a fraudulent joinder. Scottsdale is asserting that there has been a fraudulent misjoinder.").) The Ninth Circuit recognizes the doctrine of fraudulent joinder. Under that doctrine, "a defendant's

---

[2](...continued) Motion.

presence in a lawsuit may be ignored for the purposes of determining diversity if the court finds that the plaintiff either fails to state a claim against that defendant or fraudulently states jurisdictional facts." See Early v. Northrop Grumman Corp., 2013 WL 3872218, at *2 (C.D. Cal. July 24, 2013) (citations omitted); see also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.").

The Ninth Circuit does not recognize the doctrine of fraudulent misjoinder. See, e.g., Jurin v. Transamerica Life Ins. Co., 2014 WL 4364901, at *3 (N.D. Cal. Sept. 3, 2014) ("The Ninth Circuit has not adopted, approved, nor applied, the theory of fraudulent misjoinder upon which Transamerica relies." (quotation and citation omitted).). It has only acknowledged the doctrine. See Cal. Dump Truck Owners Ass'n v. Cummins Engine Co. Inc., 24 Fed. App'x 727, 729 (9th Cir. 2001) (assuming, "without deciding, that this circuit would accept the doctrines of fraudulent and egregious joinder as applied to plaintiffs," and holding that the doctrine did not apply in that case). Unless this Court adopts the doctrine of fraudulent misjoinder, Scottsdale cannot meet its burden for removal.

The Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996), abrogated on other grounds by Cohen v. Office Depot, Inc. 204 F.3d 1069 (11th Cir. 2000) first articulated the doctrine of fraudulent misjoinder. There, the plaintiffs filed a putative class action complaint in state court, eventually amending the complaint to name two classes of defendants. Id. at 1335. One class sold service contracts in connection with the sale of retail products. Id. The other sold service contracts in connection with the sale of automobiles. Id. Some defendants were diverse from the plaintiffs; others were not. Id. One of the diverse defendants – Lowe's – removed the case to federal court on the basis of diversity jurisdiction, and filed a motion to sever the claims against the other defendants. Id. The plaintiffs filed a motion to remand. Id.

"[T]he alleged transactions involved in the 'automobile' class are wholly distinct from the alleged transactions involved in the 'merchant' class," the Eleventh Circuit noted. Id. at 1360. It held that the attempt to join the unrelated parties was "so

egregious as to constitute fraudulent joinder." Id. It, therefore, held the district court did not err in granting Lowe's motion to sever and in denying the motion to remand as to Lowe's. Id.

Here, Scottsdale asserts "the test for fraudulent misjoinder has been met, since there is clearly no factual nexus between the claims against Scottsdale and Murphy." (Opposition at 2.) Scottsdale appears to be correct on that point. Thee Sombrero's claim against Scottsdale arises out of the alleged negligence of a security company Scottsdale insured; its claim against Murphy arises out of his alleged failure to pay the amount owed on a promissory note. No connection between the two is apparent, but that is irrelevant.

Not only has the Ninth Circuit declined to adopt the doctrine of fraudulent misjoinder, no court in the Central District of California that this Court is aware of has adopted it,[3] and "district courts throughout the circuit have repeatedly and consistently declined to adopt the doctrine," see Transamerica, 2014 WL 4364901, at *3 (citing cases).[4] Of the appellate courts, only the Eleventh Circuit has explicitly adopted fraudulent misjoinder. See In re Prempro Prods. Liab. Litig., 591 F.3d 613, 620 n.4 (8th Cir. 2010) ("[T]he Eleventh Circuit is the only federal appellate court to adopt fraudulent misjoinder.").

---

[3]See, e.g., Early, 2013 WL 3872218, at *2 ("The Court declines to adopt fraudulent misjoinder here. In short, the doctrine raises more questions than answers."); Goodwin v. Kojian, 2013 WL 1528966, at *4 (C.D. Cal. Apr. 12, 2013) (assuming without deciding that fraudulent misjoinder is a viable doctrine in the Ninth Circuit and finding that it did not apply in that case); Pate v. Boston Scientific Corp., 2013 WL 5743499, at *5 (C.D. Cal. Oct. 21, 2013) (same); Alaniz v. Merck & Co., Inc., 2005 WL 6124308, at *3 (C.D. Cal. June 3, 2005) ("[T]he Court declines to adopt and apply the theory set forth in Tapscott to this case.")

[4]This Court is aware of just two district courts in the Ninth Circuit that have adopted the doctrine of fraudulent misjoinder. See Sutton v. Davol, Inc., 251 F.R.D. 500, 505 (E.D. Cal. 2008); Greene v. Wyeth, 344 F. Supp. 2d 674, 685 (D. Nev. 2004).

The reasons against the doctrine are many and persuasive. As a district court in the Central District of California explained, although "[i]t is axiomatic that removal under § 1441 should be narrowly construed and that any doubts . . . resolved in favor of remand[,] . . . "[f]raudulent misjoinder flips this maxim on its head by making cases removable that by § 1441's plain terms should not be." Early, 2013 WL 3872218, at *3; see also, e.g., Rutherford v. Merck & Co., Inc., 428 F. Supp. 2d 842, 852 (S.D. Ill. 2006) ("In the Court's view, the Tapscott doctrine is an improper expansion of the scope of federal diversity jurisdiction by the federal courts."). Likewise, this Court declines to expand its jurisdiction by adopting the doctrine of fraudulent misjoinder without intervention by Congress, or guidance from the Supreme Court or the Ninth Circuit.

Moreover, fraudulent misjoinder requires the severance of non-diverse defendants under Federal Rule of Civil Procedure 20. See Goodwin v. Kojian, 2013 WL 1528966, at *3 (C.D. Cal. Apr. 12, 2013) ("Fraudulent . . . misjoinder looks at the factual commonality among the plaintiff's claims against different defendants and determines if they are sufficient to satisfy the standards provided in Federal Rule of Civil Procedure 20.").[5] Rule 20, however, "presumes the Court has jurisdiction to act." Perry v. Luu, 2013 WL 3354446, at *5 (E.D. Cal. July 3, 2013) (emphasis omitted). It makes little sense for a court first to sever part of the case under Rule 20, "and only then find it has jurisdiction." Id. (emphasis omitted).

Finally, this Court recognizes the need for simple and precise jurisdictional rules to spare judges and lawyers from wasted time and resources. See Rutherford, 428 F. Supp. 2d at 852. One court's "review of the caselaw regarding the fraudulent misjoinder doctrine that has emerged in the ten years since Tapscott was decided disclose[d] enormous judicial confusion engendered by the doctrine." Id. That confusion is not likely to abate after further development, because "determinations

---

[5]Uncertainty exists about whether to apply Rule 20 or the state law counterpart. See, e.g., In re Prempro, 591 F.3d at 622 n.6 ("Whether the federal or state rules on joinder apply has also received conflicting results post-Tapscott."). This uncertainty is another reason not to adopt fraudulent misjoinder without proper guidance.

about proper joinder are of necessity highly discretionary." Id. at 855; see also Osborn v. Metro. Life Ins. Co., 341 F. Supp. 2d 1123, 1127 (E.D. Cal. 2004) (rejecting fraudulent misjoinder because "the last thing the federal courts need is more procedural complexity"). Adopting fraudulent misjoinder would require already overwhelmed district courts to make discretionary jurisdictional decisions, resulting in confusion to litigants and wasted resources.

The primary reason given in favor of adopting fraudulent misjoinder is to avoid unfair obstacles to defendants' statutory right of removal. See, e.g. In re Prempro, 591 F.3d at 621 ("Some district courts have adopted the doctrine as a means of ensuring defendants their statutory right of removal to the federal courts and precluding plaintiffs from preventing removal to federal court."); Greene, 344 F. Supp. 2d at 685 ("Therefore, the Court is inclined to sever claims where the joinder is procedurally inappropriate and clearly accomplishes no other objective than the manipulation of the forum, and where the rights of the parties and interest of justice is best served by severance.").[6]

---

[6]Some courts find this reason unconvincing because they do not see why defendants "could not seek severance in state court and then remove the severed portion of the litigation to federal court." Perry, 2013 WL 3354446, at *5; see also Goodwin, 2013 WL 1528966, at *5 ("[T]he better and most efficient course of action would have been for Defendant to seek relief from the alleged misjoinder in state court, and then, if that court severed the case and diversity then existed, Defendant could seek removal of the ca[]se to federal court." (quotation, citation, and alteration omitted).) It is not clear, however, whether the "voluntary-involuntary" rule would prohibit removal after severance. Under that rule, only a plaintiff's voluntary act – such as a voluntary dismissal of a diversity-defeating defendant – can make a case removable on the basis of diversity. See Self v. Gen. Motors Corp., 588 F.2d 655, 658 (9th Cir. 1978). Severing diversity-defeating defendants may constitute an involuntary dismissal, precluding removal.

The Court need not resolve this issue. The reasons against adopting fraudulent misjoinder stand whether or not the voluntary-involuntary rule precludes removal after severance.

District courts, however, should not expand jurisdictional rules on equitable grounds. Until Congress, the Supreme Court, or the Ninth Circuit says otherwise, this Court cannot adopt the doctrine.

### C. The Court Lacks Subject-Matter Jurisdiction

Scottsdale presents no basis for removal other than fraudulent misjoinder. As this Court declines to adopt that doctrine, Scottsdale has not met its burden for removal. Accordingly, the Court GRANTS Thee Sombrero's Motion to Remand.

## IV. CONCLUSION

For the reasons set forth above, the Court GRANTS the Motion, and REMANDS this action to the Superior Court of California, County of San Bernardino.

**IT IS SO ORDERED.**